I write separately to emphasize that, to violate R.C.2903.211, an offender must knowingly either 1) cause another to believe that the offender will cause physical harm to the victim or 2) actually cause mental distress to the victim. The majority, relying on dicta misconstruing the statute, seems to be indicating that one can violate R.C. 2903.211 by causing another to believe that one will cause the other person mental distress in the future. The case of State v. Smith[1] does state that position, albeit in dicta, because there, as here, there was fear of physical harm, so the issue of mental distress is superfluous.Smith is wrong — the statute is not violated by causing someone to believe that they will suffer mental distress — there must actuallybe mental distress.
Mental distress is not used in the colloquial sense of "discomfort," but is specifically defined as any mental illness or condition that 1) involves some temporary substantial incapacity or 2) would normally require psychiatric treatment.[2] Neither prong of the mental distress definition is present in this case. Ms. Miller was obviously discomforted, but not to the extent of substantial incapacity or psychiatric treatment.
But Ms. Miller did reasonably believe that she was in danger of physical harm from the defendant. That is sufficient for his conviction. Therefore, I concur in the result, but stress that the "mental distress" prong should not be misinterpreted in the future.
[1] State v. Smith (1998), 126 Ohio App.3d 193, 709 N.E.2d 1245.
[2] R.C. 2903.211(C)(2).